1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8    VICTOR W.,

9                        Plaintiff,                    CASE NO. C21-1195-BAT

10          v.                                          **ORDER REVERSING AND
                                                        REMANDING FOR FURTHER
     COMMISSIONER OF SOCIAL SECURITY,                   PROCEEDINGS**
11
                         Defendant.
12

13          Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ

14   erroneously (1) rejected Plaintiff's testimony, (2) ignored opinions from Plaintiff's treating

15   physician, (3) disregarded a disability determination from the Department of Veterans Affairs,

16   (4) disregarded many of Plaintiff's impairments and their combined effect on Plaintiff's

17   functioning, and (5) rejected the opinions from Plaintiff's treating psychiatrist.  Dkt. 17.  The

18   Commissioner agrees the ALJ erred but argues the Court should remand the case for further

19   administrative proceedings, rather than for an award of benefits as Plaintiff argues.

20          For the reasons below, the Court **REVERSES** the Commissioner's final decision and

21   **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. §

22   405(g).

23

**BACKGROUND**

Plaintiff was born in 1966, and has a college education.  Tr. 38, 164.  On August 30, 2019, he applied for benefits, alleging disability as of August 1, 2012.[1]  Tr. 17, 134–40.  His application was denied initially and on reconsideration.  Tr. 37–52.  Plaintiff objected to a hearing on the ground that it could cause a stress-induced heart attack, and requested he instead be allowed to submit a written statement.  Tr. 302.  The ALJ therefore proceeded by reviewing Plaintiff's written submission, and issuing interrogatories to medical expert Harvey Alpern, M.D.  *See* Tr. 17, 321–26, 1330–49.  On April 29, 2021, the ALJ issued a decision finding Plaintiff not disabled.  Tr. 17–24.  In relevant part, the ALJ found Plaintiff had medically determinable impairments of sarcoidosis, cardiomyopathy, obesity, depressive disorder, and sleep disorder.  Tr. 19.  The ALJ found at step two that Plaintiff did not have any impairment or combination of impairments that were severe.  Tr. 20.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1–3.

**DISCUSSION**

The parties agree the ALJ erred but disagree whether the case should be remanded for further administrative proceedings or an award of benefits.  Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits.  *Id.* at 1045.  First, the Court must determine if the ALJ failed to provide legally sufficient reasons for

---

[1] Plaintiff argues the onset date should have been sometime between December 2005 and June 2007.  Dkt. 17 at 2–3; Tr. 302, 307–13.  The ALJ made no findings on this issue, and should therefore address it on remand.

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 2

rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. However, even if the Court credits the improperly rejected evidence as true, the court retains the discretion either to make a direct award of benefits or to remand for further proceedings. *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

Plaintiff meets the first step of the above framework, as the Commissioner concedes the ALJ failed to provide legally sufficient reasons for rejecting evidence. However, Plaintiff has not met the second step. The ALJ decided Plaintiff's case at step two of the disability evaluation process, which leaves unresolved many evidentiary questions. This is because the step-two inquiry is "merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987)). At step two, the ALJ must determine if the claimant suffers from any impairments that are "severe." 20 C.F.R. § 416.920(c). "An impairment or combination of impairments may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's work.'" *Webb v. Barnhart*, 433 F.3d 683, 686–87 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). As long as the claimant has at least one severe impairment, the disability inquiry moves on to step three. *See* 20 C.F.R. § 416.920(d).

1    Because the Commissioner concedes step two error, the Court may assume, but need not

2    decide, the evidence shows Plaintiff has a severe impairment for purposes of a step two finding.

3    But even proceeding upon this assumption, the Court cannot conclude, at this juncture, the

4    evidence unquestionably establishes Plaintiff is disabled.  Treating doctor John Amory, M.D.,

5    opined Plaintiff was unable to perform even sedentary work activity on a regular, predictable, or

6    sustained basis.  Tr. 1300.  In contrast, however, consulting medical expert Harvey Alpern,

7    M.D., opined Plaintiff could perform work with certain exertional, postural, and environmental

8    limitations.  Tr. 1344–47.  The ALJ, not the Court, must resolve conflicts in the evidence such as

9    this.  *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("The ALJ is responsible for

10   determining credibility, resolving conflicts in medical testimony, and for resolving

11   ambiguities."). The flows from the fact the Court cannot take Plaintiff's arguments about what

12   the evidence shows and weigh the evidence in the first instance on review. The Court is not in a

13   position, siting in review of the ALJ's decision to make such an evidentiary determination.

14   Similarly, the Court cannot determine whether Plaintiff's testimony or any opinions from

15   psychiatrist Mark Sullivan, M.D., Ph.D., prove Plaintiff is disabled.  The ALJ—not the Court—

16   is responsible for translating the testimony and medical evidence into a residual functional

17   capacity assessment, from which a determination can be made as to whether Plaintiff can

18   perform work available in significant numbers in the national economy.  *See Rounds v. Comm'r*

19   *Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539

20   F.3d 1169, 1174 (9th Cir. 2008)).  Furthermore, even if the Court could make such a

21   determination, Plaintiff has not identified any opinions from Dr. Sullivan addressing Plaintiff's

22   functional capacity from which the Court could determine whether Plaintiff is unable to work.

23   That Plaintiff argues Dr. Sullivan diagnosed Plaintiff with certain conditions and reported some

1    of his symptoms does not establish what Plaintiff can do from a functional perspective, and thus

2    does not conclusively establish Plaintiff was disabled.

3           The disability determination from the Department of Veterans Affairs ("VA") does not

4    change this outcome.  As Plaintiff notes, the Ninth Circuit has previously held an ALJ must

5    consider the VA's disability rating, and should "'ordinarily give great weight to a VA

6    determination of disability.'"  *Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018) (quoting

7    *McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011)).  The ALJ could "give less weight to a VA

8    rating 'if [the ALJ gave] persuasive, specific, valid reasons for doing so that [were] supported by

9    the record.'"  *Luther*, 891 at 876–77 (quoting *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d

10   685, 695 (9th Cir. 2009)).

11          But these decisions were made under the Commissioner's old regulations.  In 2017, the

12   Social Security Administration ("SSA") issued new regulations that altered how VA decisions

13   should be evaluated.  In 20 C.F.R. § 404.1504, SSA explained disability determinations made by

14   other government agencies such as the VA are based on those agencies' own rules, and are thus

15   not binding on SSA as to whether a claimant is disabled under the Social Security disability

16   rules.  Therefore, in analyzing claims filed such as Plaintiff's which were filed on or after March

17   27, 2017, the ALJ "will not provide any analysis in [his or her] determination or decision about a

18   decision made by any other governmental agency or nongovernmental entity about whether [the

19   claimant is] disabled, blind, employable, or entitled to any benefits."  20 C.F.R. § 404.1504.  The

20   ALJ must still "consider all of the supporting evidence underlying the other governmental

21   agency or nongovernmental entity's decision" received as part of the Social Security disability

22   claim, but is not bound by the other agency's decision.  *Id.*; *see also Campbell v. Saul*, 848 F.

23   App'x 718, 720 (9th Cir. 2021).

1        In sum, the evidence in this case does not conclusively establish Plaintiff is disabled

2   under the Social Security disability regulations .Rather the evidence must still be weighed and

3   evaluated properly. There are conflicts that exist in the evidence that only the ALJ may resolve.

4   Remand for further proceedings is thus not only necessary but appropriate and the Court

5   therefore orders this matter is remanded for further administrative proceedings.

6                          **CONCLUSION**

7        For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is

8   **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

9   On remand, the ALJ shall reevaluate Plaintiff's testimony, and all medical opinions and

10  evidence. The ALJ shall develop the evidence as needed and shall reevaluate step two and all

11  other relevant steps of the disability evaluation process.  The ALJ shall conduct all further

12  proceedings necessary to reevaluate the disability determination in light of this opinion.

13       DATED this 22nd day of February, 2022.

14

15                           _____

16                           BRIAN A. TSUCHIDA
                             United States Magistrate Judge

17

18

19

20

21

22

23