UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICTOR WASHINGTON,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. C21-1195-BAT

**ORDER DENYING PLAINTIFF'S CLARIFICATION MOTION (DKT. 25)**

On February 22, 2022, the Court ordered this case be reversed and remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Dkt. 23. The same day, Plaintiff filed a "Motion for Clarification raising several issues." Dkt. 25.

In his motion, Plaintiff first asks whether he can file an objection with a District Judge to this Court's order and judgment. *Id.* at 2. Plaintiff submits he thought he could object to this Court's order and have the Court's order reviewed by a District Judge based upon his review of the docket in "2:14-CV-01302 MJP, Binford v. Colvin." *Id.* at 1. Plaintiff indicates "to this moment Washington can not see anything that shows Binford objected to consent." *Id.* at 1-2. The case docket in *Binford v. Colvin* establishes the parties were asked whether they would consent to a Magistrate Judge or decline consent, Dkt. 4, and consent was **not** given as the case was reassigned to the Honorable Marsha J. Pechman, a District Judge who issued the order and

ORDER DENYING PLAINTIFF'S CLARIFICATION MOTION (DKT. 25) - 1

judgment reversing the commissioner. Dkts. 6, 19, 20. Hence, *Binford* involved a case in which a Magistrate Judge issued a report and recommendation for review by a district judge because consent was not given, in contrast to Plaintiff's case in which consent was given authorizing this Court to issue a final order and judgment. *See* Dkt. 7 (Notice of Assignment to US Magistrate Judge and declination of consent form). Accordingly, Plaintiff may not file objections to the Court's final order and judgment, as if it were a report and recommendation.

Second, Plaintiff contends the Court's "decision contains legal error." Dkt. 25 at 2. The contention is a request the Court reconsider its decision. Motions or requests for reconsideration are disfavored under the Court's local rules:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. CR 7(h)(1). A motion to reconsider is an "extraordinary remedy," and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted).

Here, Plaintiff argues "NO DISRESPECT intended, Washington is trying to make sure important information is covered." Dkt. 25 at 2. The Court has reviewed the entire record and pleadings submitted by the parties. Thus all "important information" has been covered. Plaintiff requests the Court to reconsider its decision remanding the case for further proceedings rather than for an award of benefits. Plaintiff argued in his opening and reply briefs that the evidence of record clearly establishes he is disabled, and benefits should be immediately ordered. The Court considered Plaintiff's arguments but found otherwise. The Court should remand a case for

ORDER DENYING PLAINTIFF'S CLARIFICATION MOTION (DKT. 25) - 2

benefits only in rare circumstances and should ask if further proceedings would be useful. In evaluating whether further proceedings are useful, the Court should consider whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules *See Treichler v. Colvin*, 775 F3d 1090, 1099 (9th Cir. 2014). The Court may remand for an award of benefits where the record has been fully developed and further administrative proceedings would serve no useful purpose. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

Here, the ALJ found Plaintiff not disabled based upon a step two finding that Plaintiff does not have any severe impairment of combination of impairments that significantly limited the ability to perform work activity for 12 consecutive months. *See* ALJ's decision, Dkt. 13 at TR. 19. Step two is merely a threshold determination to screen out weak claims. *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47, (1987). It is not meant to identify only the impairments that should be taken into account when determining the RFC. In fact, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' Hence the ALJ in this case discussed the evidence of record for purposes of a step two determination and found Plaintiff not disabled based upon that limited inquiry. The ALJ however did not fully discuss or weigh the evidence for purposes of assessing Mr. Washington's RFC. The record is thus not fully developed, and further administrative proceedings would serve a useful purpose. Under these circumstances remand for further proceedings is both necessary and appropriate.

ORDER DENYING PLAINTIFF'S CLARIFICATION MOTION (DKT. 25) - 3

As the Court already noted in its order remanding the case for further proceedings, the record is not fully developed because it is unclear an ALJ would be required to find Plaintiff disabled given the fact 1) the opinions of treating doctor John Amory, M.D. and consulting medical expert Harvey Alpern, M.D. differ and must be evaluated by the ALJ, not the Court in the first instance on review; 2) Dr. Mark Sullivan M.D., Ph.D., did not provide opinions regarding Plaintiff's functional work abilities and this must be developed further; and 3) the disability rating given by the VA must be assessed in light of the ALJ's reevaluation of the above opinions, other relevant evidence of record, and Plaintiff's testimony.

The Court accordingly DENIES Plaintiff's request to treat the order reversing and remanding as a report and recommendation that is subject to review by a district judge and also DENIES the request to reconsider Plaintiff's request for remand for benefits.

DATED this 23rd day of February, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge