
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | CASE NO. C21-1195-BAT<br><br>ORDER DENYING MOTION RE: JURISDICTION |

This matter comes before the Court on Plaintiff's Amended Objection to Jurisdiction, interpreted as a Motion by the Court. Dkts. #26 and #28. At the request of the presiding magistrate judge in this matter, the Honorable Brian A. Tsuchida, this Motion has been referred to the undersigned for review.

This is a social security case. Plaintiff appealed the ALJ's decision finding him not disabled. On September 10, 2021, notice was given to the parties of assignment to a magistrate judge. Dkt. #7. That notice clearly explained that "[e]ach party will be deemed to have knowingly and voluntarily consented to proceed before Magistrate Judge Tsuchida if this form is not returned by October 1, 2021." *Id*. Plaintiff received this form, read it multiple times, and did not return the form because "he did not remotely think he was waiving a layer of appeal." Dkt. #25 at 2. Notice of consent was added to the docket. Dkt. #12. A scheduling

ORDER DENYING MOTION RE: JURISDICTION - 1

order was issued by Judge Tsuchida. Dkt. #14. On February 22, 2022, Judge Tsuchida found that "the Commissioner concedes the ALJ failed to provide legally sufficient reasons for rejecting evidence," that "the evidence in this case does not conclusively establish Plaintiff is disabled under the Social Security disability regulations," and that "the evidence must still be weighed and evaluated properly by the ALJ." Dkt. #23. Accordingly, as in countless prior cases, the Commissioner's decision was reversed and this case remanded for further administrative proceedings. *Id.*

After receiving this remand Order, and for the first time, Plaintiff informed the Court that he did not consent to a magistrate judge. Dkt. #25. The instant Motion was later filed, purporting to attack the legal basis for a magistrate judge to have jurisdiction over this case. Plaintiff cites to this Court's General Orders 01-15 and 02-19. Dkt. #28 at 2. Plaintiff cites to *Ashker v. Newsom*, 968 F.3d 975 (9th Cir. 2020). *Id.* at 8.

The undersigned has reviewed the procedural history of this case and Plaintiff's Motion and finds no irregularities or violations of law. The procedures in this case are identical to all other social security cases and do not violate General Orders 01-15 and 02-19. Plaintiff consented to a magistrate judge according to those procedures and certainly did not decline to consent in a timely fashion. The holding in *Ashker* does not apply to this case, as the Court has intentionally designated a procedure for magistrate judges to be directly appointed in social security cases under General Order 02-19 and there is no evidence here that a district judge, or the Court generally, failed to unambiguously assign this case to a magistrate judge with the power to enter a final order.

The Court finds that Plaintiff knew he consented, and only took issue with this consent after the presiding judge issued what he has determined to be an unfavorable ruling. The report and recommendation requirement is not "a layer of appeal," it is a procedural requirement for

cases where parties have not consented to a magistrate judge. In an abundance of caution, the Court has reviewed the analysis and conclusions of Judge Tsuchida's remand order and agrees with the decision to remand. Plaintiff has received a fair review of his case.

Having reviewed the Motion and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Amended Objection to Jurisdiction, Dkts. #26 and #28, is DENIED.

DATED this 1st day of March, 2022.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION RE: JURISDICTION - 3